IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:08-CR-1-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CALVIN N. GRIFFIN, JR., ) | |
| ) | |
| Defendant. ) | |

On February 25, 2008, pursuant to a written plea agreement, Calvin N. Griffin, Jr. ("Griffin") pleaded guilty to possession with the intent to distribute more than 50 grams or more of cocaine base (crack). See [D.E. 10, 12]. On August 5, 2008, the court held Griffin's sentencing hearing. See [D.E. 23, 25]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Griffin's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 120 to 135 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court upwardly varied and sentenced Griffin to 156 months' imprisonment. See id.; [D.E. 23, 25]. Griffin did not appeal.

On September 23, 2015, Griffin moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 31]. On September 28, 2015, Griffin filed a memorandum of law in support of his motion for a sentence reduction [D.E. 33]. Griffin's new advisory guideline range is 87 to 108 months' imprisonment, based on a total offense level of 27 and a criminal history category of III. See Resentencing Report. Griffin requests a 125-month sentence. See id.; [D.E. 33] 1, 10.

The court has discretion to reduce Griffin's sentence under Amendment 782. See, e.g.,

Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Griffin's sentence, the court finds that Griffin engaged in serious criminal behavior and did so shortly after his release from federal prison for conspiracy to distribute more than 50 grams of cocaine base (crack). See PSR ¶¶ 3–6, 9. Moreover, Griffin is a recidivist and has convictions for possession with intent to sell and deliver cocaine, and conspiracy to distribute more than 50 grams of cocaine base (crack). See id. ¶¶ 8–9. Griffin also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 9, 25–34. Nonetheless, Griffin has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Griffin received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Griffin's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Griffin's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Griffin's motion for reduction of sentence [D.E. 31].

2

SO ORDERED. This 19 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge